UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CAROLYN MICHAEL,

    Plaintiff,

v.                                                   Civil Action No. 2:04-0435
                                                   (Lead Action)

WYETH, LLC and PFIZER, INC.,

    Defendants.

LEAH ROYCE,

    Plaintiff,

v.                                                    Civil Action No. 2:04-0690
                                                   (Consolidated action)

WYETH, d/b/a Wyeth, Inc.;
WYETH PHARMACEUTICALS, INC.;
PHARMACIA & UPJOHN COMPANY; and
PFIZER, INC.,

    Defendants.

and

ROSEMARY KEFFER,

    Plaintiff,

v.                                                    Civil Action No. 2:04-0692
                                                   (Consolidated action)

WYETH, d/b/a Wyeth, Inc.;
WYETH PHARMACEUTICALS, INC.;
PHARMACIA & UPJOHN COMPANY; and
PFIZER, INC.,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       Pending are the plaintiffs' motions to consolidate these civil actions, all filed January 5, 2011. None of the defendants have responded to plaintiffs' motions to consolidate.

Federal Rule of Civil Procedure 42(a) provides as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.")  Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193.

Although there are often risks of confusion and prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here. The complaints in the three actions overlap to a great extent, inasmuch as they assert identical legal theories and implicate the common factual issue of whether defendants' drugs caused plaintiffs to develop breast cancer.

The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources. On the other hand, court resources could be impacted negatively by separate actions. The length of time required to resolve each of these actions separately also militates strongly in favor of consolidation, as does the fact that consolidation will likely result in reduced expenses -- particularly those expenses related to expert witnesses -- for all parties.

Based upon the foregoing, consolidation is appropriate. The court, accordingly, ORDERS the above-styled civil actions be, and they hereby are, consolidated. The first-filed action is designated as the lead case. All further filings shall be captioned and docketed in that case.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

                DATED: January 24, 2011

                John T. Copenhaver, Jr.
                United States District Judge