```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

CAROLYN MICHAEL,

    Plaintiff,

v.                                    Civil Action No. 2:04-0435

WYETH, LLC and PFIZER, INC.,

    Defendants.

LEAH ROYCE HINES,

    Plaintiff,

v.                                      Civil Action No. 2:04-0690

WYETH, d/b/a Wyeth, Inc.;
WYETH PHARMACEUTICALS, INC.;
PHARMACIA & UPJOHN COMPANY; and
PFIZER, INC.,

    Defendants.

and

ROSEMARY KEFFER,

    Plaintiff,

v.                                      Civil Action No. 2:04-0692

WYETH, d/b/a Wyeth, Inc.;
WYETH PHARMACEUTICALS, INC.;
PHARMACIA & UPJOHN COMPANY; and
PFIZER, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        Pending are the plaintiffs' motions to consolidate the above-styled civil actions for trial, all filed January 5, 2011.

I.  Background

These three pharmaceutical products liability actions arise out of the plaintiffs' use of hormone replacement therapy ("HRT") drugs manufactured and sold by defendants.[1]  In moving to consolidate these actions for trial,[2] plaintiffs assert that their cases are "strikingly similar."  (Pls.' Mot. at 2).  As their motion states:

> [E]ach Plaintiff was prescribed hormone replacement drugs to relieve menopausal symptoms and, after taking these drugs for multiple years, were diagnosed with breast cancer. Each Plaintiff claims that the Defendants' drugs caused them to develop breast cancer.  In addition, Plaintiffs present identical claims and legal theories of recovery against the Defendants. Specifically, Plaintiffs' Complaints assert the same claims of negligence, strict products liability and breach of warranty against the Defendants.
>
> Expert disclosures filed in each case reflect that Plaintiffs plan to present the same expert testimony from a number of the same expert witnesses to establish liability.  Each Plaintiff will call the same three case-specific witnesses . . . To deny consolidation and require these experts to replicate their testimony would . . . require the parties to compensate the experts for testifying at three trials when their testimony will be the same for all three Plaintiffs.

(Id. at 2).

---

[1]   HRT drugs consist of two hormones, estrogen and progestin, and are commonly used to treat symptoms of menopause. These cases concern the following drugs: (1) Wyeth's estrogen drug, Premarin, (2) Wyeth's estrogen and progestin combination drug, Prempro, and (3) Pharmacia and Upjohn Company's (with defendant Pfizer being Upjohn's alleged successor in liability) progestin drug, Provera.

[2]   Each plaintiff has filed an identical motion to consolidate for trial.

In opposition to consolidation, defendants contend that "these plaintiffs share little in common other than the venue in which their cases are brought." (Resp. at 1). They provide the following chart outlining the factual discrepancies in the cases:

|  | Leah (Royce) Hines | Rosemary Keffer | Carolyn Michael |
|---|---|---|---|
| **Claimed Hormone Therapy** | Premarin & Provera; Prempro | Premarin & Provera | Premarin & Provera; Prempro |
| **Claimed Dosage** | Premarin: .625mg; Provera: 2.5mg; Prempro: .625/2.5mg | Premarin: .625mg; Provera: 2.5mg & 5mg & 10mg | Premarin: .625mg & 1.25mg; Provera: 2.5mg & 5mg; Prempro: .625/2.5mg |
| **Claimed Duration of Use** | Premarin & Provera: 1987 – 1998; Prempro: 1998 – 1999 | Premarin & Provera: 1982 - 1999 | Premarin & Provera: 1994 – 1996; Prempro: 1996 – 2001 |
| **Claimed Injury** | Breast Cancer | Breast Cancer | Breast Cancer |
| **Breast Cancer Diagnosis** | Lobular & ductal & ductal *in situ* | Ductal *in situ* & focal | Infiltrating ductal |
| **Treatment** | Double mastectomy; chemotherapy; Tamoxifen | Right modified radical mastectomy; Tamoxifen | Left modified radical mastectomy; Tamoxifen & Arimidex |
| **Recurrence** | None | None | In 2006 |
| **Risk Factors Include** | Age at time of diagnosis; subsequent family history of cancer, including breast cancer; prior breast biopsies | Age at time of diagnosis; early menarche; late menopause; failure to get mammograms for three years prior to diagnosis; prior use of birth control; smoking; prior cancer requiring radiation therapy | Age at time of diagnosis; obesity; fibrocystic breasts; relative lack of breast feeding; late menopause; prior breast biopsy |
| **Defendants** | Pfizer, Inc.; Wyeth Pharmaceuticals; Pharmacia & Upjohn | Pfizer, Inc.; Wyeth Pharmaceuticals; Pharmacia & Upjohn | Wyeth LLC; Pfizer, Inc. |

(Id. at 6-7). Relying on these alleged factual discrepancies, defendants assert three grounds to defeat consolidation: (1) a consolidated trial would prejudice defendants on the issue of causation, (2) consolidation would magnify juror sympathy for each individual plaintiff, and (3) consolidation would create jury confusion and resulting prejudice. (Id. at 9-16).

## II. Motion to Consolidate for Trial

Federal Rule of Civil Procedure 42(a) governs the consolidation of civil actions. It provides pertinently as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district."). Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the

4

discretionary exercise.  See <u>Arnold v. Eastern Air Lines, Inc.</u>, 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

<u>Id.</u> at 193.

The court initially notes that all three actions present common legal issues inasmuch as the plaintiffs assert identical claims against essentially the same defendants, with the exception that Upjohn is not a defendant in plaintiff Michael's action.  There also appear to be common factual questions since all plaintiffs allege that they incurred the same injury (breast cancer) as a result of ingesting some combination of defendants' HRT drugs, and they received somewhat similar treatments (each underwent mastectomies).

However, "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate."  <u>In re Consol. Parlodel Litig.</u>, 182 F.R.D. 441, 447 (D.N.J. 1998).  Regarding individual issues, as defendants point out and plaintiffs do not dispute, (1) each plaintiff has a unique medical and family history; (2) plaintiffs

5

took somewhat different HRT drugs in varying doses; (3) plaintiffs were prescribed the HRT drugs by different doctors, at different times, based on different sources of information about their risks and benefits; (4) plaintiffs took the HRT drugs for different lengths of times; (5) plaintiffs had different forms of breast cancer; (6) plaintiffs underwent different types of mastectomies; and (7) plaintiffs had different pre-existing risk factors for breast cancer.  (Resp. at 11; see also chart reproduced supra page 3).[3]  Additionally, defendants recently filed a series of summary judgment motions in each action.  While these motions indicate that there is some degree of overlap regarding the legal issues involved in the three cases, they also reveal substantial differences.  For example, defendants have moved for summary judgment on statute of limitations grounds in the Michael action, but have not done so in the Keffer and Hines actions.  If defendants' statute of limitations argument at the summary judgment stage is unsuccessful because of factual disputes, this highly fact-specific issue will need to be litigated at trial in the Michael action only.

---

[3]     Defendants also note that at least five federal district courts have denied consolidation in similar HRT cases. See Coons v. Wyeth Pharm., Inc., No. 1:10-CY-187 (N.D.N.Y. Sept. 13, 2010); Wolf v. Wyeth Inc., No. G-03-536 (S.D. Tex. June 29, 2010); Scharff v. Wyeth, Inc., NO.2: 10-CY-220-WKW (M.D. Ala. June 18, 2010); Romero v. Wyeth Pharm., Inc., No. 1:03-CY-1367 (E.D. Tex. June 15, 2010); Laferrara v. Wyeth, No. 4:04-CY-02271-WRW (E.D. Ark. April 1, 2010).

In view of these discrepancies, the court concludes that consolidating these cases for trial would create a significant risk of jury confusion and prejudice to defendants. The predominance of individual issues also creates a low risk of inconsistent adjudications of common factual and legal issues should these cases proceed separately.

The court is aware of the burdens associated with forgoing consolidation. There will be overlap in expert and lay witness testimony among the cases, increased expenses, and a greater drain on judicial resources. But in this instance, the factors weighing in favor of consolidation for trial are overborne by "risks of prejudice and possible confusion." <u>Arnold</u>, 681 F.2d at 193.

### III. Conclusion

Based upon the foregoing, consolidation is not deemed appropriate. It is accordingly ORDERED that the plaintiffs' motions to consolidate for trial be, and they hereby are, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: April 20, 2011

John T. Copenhaver, Jr.
United States District Judge