IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

LEAH ROYCE HINES,                                  )
                                                   )
          Plaintiff,                               )
                                                   )          Civil Action No:  2:04-cv-00690
v.                                                 )          Honorable John T. Copenhaver, Jr.
                                                   )
WYETH, d/b/a Wyeth, Inc.;                          )
WYETH PHARMACEUTICALS, INC.;                       )
and PHARMACIA & UPJOHN                             )
COMPANY,                                           )
                                                   )
          Defendants.                              )
_____        )

MEMORANDUM IN SUPPORT OF
MOTION FOR DIRECTED VERDICT
BASED ON THE STATUTE OF LIMITATIONS

Now that Plaintiff has put on her evidence in this case, there can be no doubt that her

claims expired prior to her filing of this lawsuit.  Plaintiff was diagnosed with deep vein

thrombosis (DVT) on April 9, 1999 and breast cancer on July 2, 1999 – more than two years

before she filed this lawsuit on July 7, 2004.  In her Original Complaint, Plaintiff alleged that HT

caused her DVT and her breast cancer.  Plaintiff pursued both claims until January 2011, when

her counsel advised Defendants that she withdrew her claims relating to DVT.[1]  Plaintiff filed

her Complaint more than two years after she knew, or with the exercise of reasonable diligence

could have known, that DVT was possibly related to her use of hormone therapy.   Abandoning

her failure-to-warn claim regarding DVT does not change the analysis of when the statute of

_____

[1] Subsequently, Plaintiff has not pursued her DVT claim and withdrew the experts she had
originally named to provide opinions relating to HT and DVT.  Further, Plaintiff has presented
no evidence supporting a failure to warn claim, a design defect claim, or any other claim relating
to DVT.  By making this statute of limitations argument, Defendants do not imply that Plaintiff
is pursuing a claim for injuries associated with her DVT; she clearly is not.

1

limitations began to run.   Under West Virginia law, the statute of limitations began to run from

the date of her first alleged injury (DVT); it did not begin to run again from the date of breast

cancer diagnosis.  Thus, the two-year limitations period expired in April 2001.

## BACKGROUND

Plaintiff was first prescribed Premarin and Provera in 1994, and used it intermittently

until 1998.  She was then prescribed Prempro until April 1999 when she was diagnosed with a

deep vein thrombosis or a blood clot in a deep vein, in her left leg.  During her DVT

hospitalization, her hormone therapy was stopped "[d]ue to the concern of etiology of this deep

vein thrombosis."[2]   Plaintiff testified that when she was taken off of Prempro in April 1999, she

thought it was related to her blood clots.[3]  Approximately three months later, Plaintiff was

diagnosed with infiltrating ductal carcinoma of the left breast.

The patient information insert that accompanied Defendants' HT products warned

about the risk of blood clots.  The Prempro insert stated:

> *Abnormal blood clotting*.  Taking estrogens may cause changes in your blood
> clotting system.  These changes allow the blood to clot more easily, possibly
> allowing clots to form in your bloodstream.  If blood clots do form in your
> bloodstream, they can cut off the blood supply to vital organs, causing serious
> problems.  These problems may include a stroke (by cutting off blood to the
> brain), a heart attack (by cutting off blood to the heart), a pulmonary embolus (by
> cutting off blood to the lungs), or other problems.  Any of these conditions may
> cause death or serious long-term disability.[4]

Plaintiff filed her Original Complaint on July 7, 2004.  The Complaint alleged that

Defendants failed to warn about the risks of blood clots and breast cancer and that, as a result of

---

[2] *See* PX9025, pages 50-51 (Discharge Summary).

[3] *Hines v. Wyeth*, Trial Tr. (Rough) 7/21/11 at _____ (page reference currently unavailable).

[4] PX 6493 (1998 PDR).

taking HT, she developed both DVT and breast cancer.[5]  Plaintiff pursued both claims for years

and named experts who would opine that Defendants' warnings were inadequate and that HT

caused her DVT and breast cancer.  In January 2011, Plaintiff abandoned her DVT claim and

withdrew experts she had originally named to cover issues relating to that claim.  Since that time,

Plaintiff has only pursued a breast cancer claim.

## STANDARD

Where a party has been fully heard on an issue during a jury trial and the court finds that

a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on

that issue, the court may resolve the issue against the party and grant judgment as a matter of law

against the party on a claim or defense that, under controlling law, can be maintained or defeated

only with a favorable finding on that issue.  Fed. R. Civ. P. 50(a)(1).  Judgment as a matter of

law is proper "when without weighing the credibility of the evidence there can be but one

reasonable conclusion as to the proper judgment."  *Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d

1228, 1234 (4th Cir. 1996).  A directed verdict is "mandated where the facts and the law

reasonably support only one conclusion." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274 (4th Cir.

2000).

## ARGUMENT

In West Virginia, a plaintiff has two years to file a lawsuit for personal injury.  W. Va.

Code § 55-2-12(b) (2011) ("Every personal action for which no limitation is otherwise

prescribed shall be brought . . . within two years next after the right to bring the same shall have

accrued if it be for damages for personal injuries.").  Each of Plaintiff's claims is subject to that

two-year statute of limitations.  *See, e.g., Harrison v. Davis*, 478 S.E.2d 104, 108 (W. Va. 1996)

---

[5] Complaint at ¶ 1 (Doc. No. 1).

(negligence); *Hickman v. Grover*, 358 S.E.2d 810, 812 (W. Va. 1987) (strict liability); *Taylor v. Ford Motor Corp.*, 408 S.E.2d 270 (W. Va. 1991) (breach of implied warranty resulting in personal injury).  The statute of limitations begins to run "when the right to bring an action for personal injuries accrues, which is when the injury is inflicted." *Jones v. Trustees of Bethany College*, 351 S.E.2d 183, 184 (W. Va. 1986); *see also Hundley v. Martinez*, 158 S.E.2d 159, 164 (W. Va. 1967); *State ex rel. Ashworth v. State Road Comm'n*, 128 S.E.2d 471, 476 (W. Va. 1962).

In certain circumstances, the two-year limitations period for filing a personal injury claim may be extended.  For example, West Virginia courts have held that in products liability cases, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence should know: (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to his injury.  *See, e.g., Hickman, supra*, 358 S.E.2d at 813.  However, a plaintiff cannot sit on his rights and wait to be notified of the cause of his injury.  Instead, "[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach." *McCoy v. Miller*, 578 S.E.2d 355, 359 (W. Va. 2003).  The West Virginia Supreme Court of Appeals "has repeatedly stated that the statute of limitations begins to run when a plaintiff has knowledge of the fact that something is wrong and not when he or she knows of the *particular nature* of the injury." *Goodwin v. Bayer Corp.*, 624 S.E.2d 562, 568 (W. Va. 2005).

## A.        The Statute of Limitations For Plaintiff's DVT Claim Expired in April 2001.

The record is clear that by 1999, Plaintiff had sufficient information to identify hormone therapy as potentially related to her alleged injuries.  In April 1999, Plaintiff knew she had

suffered a DVT; her injury was immediately ascertainable then.  Her doctors instructed her to stop taking HT medication because of the DVT.  Plaintiff thought at the time she was taken off of Prempro that it was related to DVT.  And she knew or could have known from the patient information insert that accompanied each prescription that DVT was a risk associated with HT.

Accordingly, Plaintiff had an affirmative duty at that time to investigate her possible claims.  Yet there is *no evidence* that Plaintiff made *any* attempt to investigate whether she had a claim.  Plaintiff did not exercise diligence in investigating a possible claim, much less reasonable diligence, for she did nothing at all to inquire whether HT possibly caused her injuries.  Plaintiff should have reasonably discovered her personal injuries at the time of her DVT diagnosis or shortly thereafter.  Therefore, the exercise of reasonable diligence should have alerted Plaintiff to the existence of her personal injury claims no later than April 1999.  *See Harrison v. Davis*, 478 S.E.2d 104 (W. Va. 1996) (holding that a plaintiff mother's failure to exercise reasonable diligence in discovering injuries associated with the birth and wrongful death of her daughter precluded tolling of statute of limitations by the discovery rule).  According, the statute of limitations on Plaintiff's claims expired in April 2001; approximately three years before Plaintiff filed her Complaint.

B.      **The Statute of Limitations on Plaintiff's Breast Cancer Also Expired in April 2001.**

"[T]he statute of limitations starts running with the plaintiff's knowledge of the fact that something is wrong and *not* his awareness of the precise [nature of the injury]."  *McCoy*, 578 S.E.2d at 360 (emphasis in original).  Therefore, when Plaintiff was diagnosed with DVT in April 1999 and knew something was wrong, all of Plaintiff's personal injury claims allegedly relating to her ingestion of HT began to run – even if Plaintiff did not know about her breast cancer or (as she now alleges) the potential association of HT and breast cancer.

It is no answer that the breast cancer claim is separate from her DVT claim, and thus, is entitled to a separate statute of limitations.   Nor can it be argued that the statute of limitations for her breast cancer claim was tolled until the results of the WHI or that because she allegedly was unaware of the association between HT and breast cancer.  Under West Virginia law, Plaintiff cannot have two separate statute of limitations periods, and her claims began to run with her first injury, i.e., the DVT diagnosed in April 1999.

In *Goodwin*, the Supreme Court of Appeals of West Virginia rejected the argument that there could be two separate statutes of limitation for a plaintiff's claims.  *Goodwin*, 624 S.E.2d at 569.  In *Goodwin*, plaintiff claimed two separate and distinct injuries allegedly resulting from his exposure to paint fumes: (1) breathing problems that were known by at least 1997, and (2) a latent neuropsychological injury diagnosed in 2003.  In an attempt to avoid the effect of the statute of limitations, plaintiff argued that because he was completely unaware of the neuropsychological injury until it was diagnosed in 2003, the discovery rule operated to save that claim.  *Id.*  The court rejected this argument because it is the recognition of harm from exposure to the paint fumes that triggered the statute of limitations and the limitations period was not tolled because there was also a latent injury.  *Id.*  The court went on to explain:

> ***It isn't important whether or when [plaintiff] was aware of the full extent of his injuries that might be manifested from the exposure(s).***  What is important is that [plaintiff] knew that he had been harmed as a result of an identified event or events (i.e., exposure(s) to paint fumes), and it was his duty thereafter to fully investigate the injuries that might follow that exposure.

*Id.* at 570 (emphasis added).

Under *Goodwin*, the statute of limitations for Plaintiff's claims – including those based upon her breast cancer – began to run in April 1999 when she was diagnosed with DVT.  It does not matter that the breast cancer was discovered a few months later, and there is no basis to toll

the applicable statute of limitations.  Because Plaintiff failed to file her Complaint within two years of her initial injury, her claims should be barred by the statute of limitations.

## CONCLUSION

Plaintiff had two years to explore the nature and extent of her injuries.  Plaintiff was taken off of HT because of a concern that it was the etiology for a DVT.  Because Plaintiff did not file suit within the two year statute of limitations period, Plaintiff's claims are barred and should be dismissed with prejudice.

Respectfully submitted:  July 21, 2011.

 Respectfully submitted,

/s/ Erik W. Legg
Erik W. Legg, Esquire (WVSB # 7738)
**FARRELL, WHITE & LEGG PLLC**
914 Fifth Avenue
P.O. Box 6457
Huntington, WV  25772-6457
(304) 522-9100 (Telephone)
(304) 522-9162 (Facsimile)
ewl@farrell3.com

Charles P. Goodell, Jr., Esquire
Shayon T. Smith, Esquire
**GOODELL, DEVRIES, LEECH & DANN, LLP**
One South Street, 20th Floor
Baltimore, MD  21202
410-783-4000 (Telephone)
410-783-4040 (Facsimile)
cpg@gdldlaw.com
ssmith@gdldlaw.com

Andrew K. Solow, Esquire
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022-3598
212-836-7740 (Telephone)
212-836-6776 (Facsimile)
asolow@kayescholer.com

Pamela J. Yates, Esquire
**KAYE SCHOLER**
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA  90067-6048
310-788-1278 (Telephone)
pyates@kayescholer.com

David E. Dukes, Esquire
J. Mark Jones, Esquire
**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC  29201
(803) 799-2000
david.dukes@nelsonmullins.com
mark.jones@nelsonmullins.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| LEAH ROYCE HINES, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    Civil Action No: 2:04-cv-00690 |
| v. | )    Honorable John T. Copenhaver, Jr. |
| | ) |
| WYETH, d/b/a Wyeth, Inc.; | ) |
| WYETH PHARMACEUTICALS, INC.; | ) |
| and PHARMACIA & UPJOHN | ) |
| COMPANY, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of July, 2011 a true and correct copy of the foregoing was filed on behalf of the Defendants electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Richard S. Lewis, Esquire
James Pizzirusso, Esquire
Melinda R. Coolidge, Esquire
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC  20006
rlewis@hausfeldllp.com
jpizzirusso@hausfeldllp.com
mcoolidge@hausfeldllp.com

Christopher Kirchmer, Esquire
**PROVOST UMPHREY LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX  77704
ckirchmer@provostumphrey.com

Michael L. Williams, Esquire
**WILLIAMS LOVE O'LEARY & POWERS, P.C.**
9755 Southwest Barnes Road
Portland, OR  97225
mwilliams@wdolaw.com

Harry F. Bell, Jr., Esquire
Jonathan W. Price, Esquire
**THE BELL LAW FIRM, PLLC**
30 Capitol Street
P.O. Box 1723
Charleston, WV  25326-1723
hfbell@belllaw.com
jwprice@belllaw.com

Thomas H. McGowan, Esquire
**PROVOST UMPHREY LAW FIRM, LLP**
1 Riverfront Place, Suite 605
Little Rock, AR 72114
tmcgowan@pulf.com

Andrew N. Friedman, Esquire
**COHEN MILSTEIN SELLER & TOLL PLLC**
West Tower, Suite 500
1100 New York Avenue, NW
Washington, DC  20005
bpratt@cohenmilstein.com

Zoe Littlepage, Esquire
**LITTLEPAGE BOOTH**
2043A W. Main Street
Houston, TX 77098
zoe@littlepagebooth.com

Rainey Booth, Esquire
**LITTLEPAGE BOOTH**
327 E. Romana Street
Pensacola, FL 32502
april@littlepagebooth.com

Edward J. Bennett, Esquire
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, NW
Washington, DC 20005
ebennett@wc.com

Charles P. Goodell, Jr., Esquire
Shayon T. Smith, Esquire
**GOODELL, DEVRIES, LEECH & DANN, LLP**
One South Street, 20th Floor
Baltimore, MD  21202
cpg@gdldlaw.com
ssmith@gdldlaw.com

Andrew K. Solow, Esquire
Bert L. Slonim, Esquire
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022-3598
asolow@kayescholer.com
bslonim@kayescholer.com

Pamela J. Yates, Esquire
**KAYE SCHOLER**
1999 Avenue of the Stars
Suite 1700
Los Angeles, CA  90067-6048
pyates@kayescholer.com

Kelly A. Evans, Esquire
**SNELL & WILMER LLP**
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
kevans@swlaw.com

David E. Dukes, Esquire
J. Mark Jones, Esquire
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Meridian, 17th Floor
1320 Main Street
Columbia, SC 29201
david.dukes@nelsonmullins.com
mark.jones@nelsonmullins.com

/s/ *Erik W. Legg*
Erik W. Legg, Esquire (WVSB # 7738)
**FARRELL, WHITE & LEGG PLLC**
914 Fifth Avenue
P.O. Box 6457
Huntington, WV  25772-6457
(304) 522-9100 (Telephone)
(304) 522-9162 (Facsimile)
ewl@farrell3.com