```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**LEAH ROYCE HINES,**

      Plaintiff,

v.                                        Civil Action No. 2:04-0690

**WYETH, d/b/a Wyeth, Inc.;**
**WYETH PHARMACEUTICALS, INC.;**
**and PHARMACIA & UPJOHN COMPANY,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion, filed July 20, 2011, for reconsideration or, in the alternative, for clarification of the court's memorandum opinion and order granting defendants' motion to preclude the testimony of Dr. Cheryl Blume.

By memorandum opinion and order entered July 8, 2011, (the "July 8 opinion"), the court granted defendants' motion to exclude the expert testimony of Drs. Suzanne Parisian and Cheryl Blume, finding that the experts' proposed testimony concerning the reasonableness of defendants' testing procedures lacked adequate explanation or analysis and would prove unhelpful to the jury. (July 8 opinion at 11-18). On July 11, 2011, plaintiff moved to clarify the July 8 opinion as it related to Dr. Parisian. Specifically, plaintiffs asserted that Dr. Parisian was prepared to testify to matters other than whether defendants

acted as reasonable pharmaceutical companies and requested that the court clarify that the July 8 opinion did not exclude Dr. Parisian's testimony in its entirety. Plaintiff did not mention Dr. Blume in her clarification request.

By memorandum opinion and order entered July 13, 2011 (the "July 13 opinion"), the court granted plaintiff's motion, clarifying that the July 8 opinion precluded Dr. Parisian from offering testimony concerning the reasonableness of defendants' conduct but did not bar her from testifying to other relevant matters. The July 13 opinion then specifically found Dr. Parisian qualified to offer relevant and reliable testimony concerning the general regulatory requirements governing pharmaceutical manufacturers, including, for example, the process for obtaining approval of prescription drugs by the Food and Drug Administration.

Plaintiff has now moved for reconsideration of the July 8 opinion as it relates to Dr. Blume. Plaintiff asserts that she "never intended to call Dr. Blume to testify at the trial of this matter, on the reasonableness of the Defendants' actions or any other issue." (Pl.'s Mot. at 2). Accordingly, she contends that defendants' motion to exclude Dr. Blume's testimony was "moot from the outset" and that the court should void the July 8

opinion as it relates to Dr. Blume.  In the alternative, plaintiff requests clarification that the court, by the July 8 opinion, "did not intend to preclude Dr. Blume from testifying entirely, but only as to the 'reasonable company' opinions." (Pl.'s Mot. at 1).

In response, defendants object to plaintiff's assertion that she never intended to call Dr. Blume to testify at trial. Defendants assert that, to the contrary, plaintiff had contemplated presenting Dr. Blume as an expert witness at trial as late as July 8, 2011.  On that date, counsel for plaintiff sent an e-mail to counsel for defendants asserting that plaintiff had not yet decided whether to call Dr. Blume to testify at trial.  (Defs.' Resp., Ex. 1).  Defendants thus contend that plaintiff has not provided a valid basis to void the July 8 opinion as it relates to Dr. Blume.  Defendants do not object, however, to plaintiff's alternative request that the court clarify that the July 8 opinion barred Dr. Blume's testimony only insofar as it related to the reasonableness of defendants' testing procedures.

Given the representation of plaintiff's counsel to defendants concerning Dr. Blume, the record does not support plaintiff's assertion that she never intended to present the

3

expert testimony of Dr. Blume at trial. Accordingly, the court is not prepared to void the portion of the July 8 opinion excluding the testimony of Dr. Blume on the basis asserted by plaintiff. Inasmuch as defendants do not object to plaintiff's alternative request for clarification, however, the court finds it appropriate to grant the clarification sought. The court now clarifies that the July 8 opinion precluded Dr. Blume from testifying to the reasonableness of defendants' conduct only. Notwithstanding the July 8 opinion, plaintiff was free to offer Dr. Blume's testimony concerning other matters meeting the requirements of Federal Rule of Evidence 702.

Consistent with the foregoing, it is ORDERED that plaintiff's motion be, and it hereby is, granted to the extent it seeks clarification of the July 8 opinion, and denied in all other respects.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 11, 2011

John T. Copenhaver, Jr.
United States District Judge